James T. Brady, for plaintiffs.

Francis B. Cutting and George Gifford, for defendants.

NELSON, Circuit Justice (after disposing of various points raised by the defendants). A point has been made, that the defendants are not liable for the infringement charged, as the only participation alleged in the same is as stockholders of an incorporated company, which company is engaged in manufacturing and selling the patented article. However that may be, it appears that the defendants are either directors of the company, who have the management and superintendence of the business, and under whose direction the articles are manufactured and sold, or are the agents of the same, concerned in conducting the business. On this ground, I am of opinion that they are responsible, and are properly made parties defendants. Injunction ordered.

[For other cases involving this patent, see note to Goodyear v. Central R. Co., Case No. 5,563.]

## Case No. 5,582.

GOODYEAR v. PROVIDENCE RUBBER CO.

[See Case No. 5,583.]

## Case No. 5,583.

GOODYEAR v. PROVIDENCE RUBBER CO. et al.

[2 Cliff. 351; 2 Fish. Pat. Cas. 499.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1864.

PATENTS — EQUITY—FEIGNED ISSUE—VERDICT OF JURY—STATE REGULATIONS — PRACTICE IN FEDERAL COURTS—BILL FILED BY EXECUTOR—SPECIFICATION OF PATENT—REISSUE—ACT OF MARCH 3, 1837—PATENTABILITY OF BOTH PRODUCT AND PROCESS — DECISION OF COMMISSIONER OF PATENTS — PROCEEDING TO SET ASIDE PATENT — FRAUD.

1. The general rule is, that an interlocutory order for issues to a jury in an equity suit will not be directed until the proofs are taken and publication has passed.

2. It is not indispensably necessary, as a matter of law, in any case, that any question in an equity suit in a federal court should be sent to a jury.

3. When feigned issues are directed by the court sitting in equity, it is generally done upon the ground that the evidence in the record is not of a character, or not sufficient to afford the means of a satisfactory conclusion; but the verdict of the jury is only advisory, and may be set aside or even overruled.

[Cited in Garsed v. Beall, 92 U. S. 695; Johnson v. Harmon, 94 U. S. 378.]

4. State regulations to the extent that they define the rules of property are regarded as furnishing the rule of decision, but they do not control or affect the process or practice of the federal courts.

[1] [Reported by William Henry Clifford, Esq., and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission.]

5. The equity practice of the federal courts, when not controlled by an act of congress or the rules prescribed by the supreme court, is in general regulated by the chancery practice of the parent country as it existed prior to the adoption of what are called the "New Rules."

[Cited in Evory v. Candee, Case No. 4,583; Griswold v. Bragg, 48 Fed. 520.]

[Cited in Griswold v. Bragg, 48 Conn. 579.]

6. In this case the bill of complaint was not founded on the title of the original patentee, but on the derivative title of the first-named complainant, to whom, as executor of the patentee deceased, the patent was reissued; therefore, objection to the right of the complainants to maintain their bill, because only one of the persons named as executors in the last will and testament of the original patentee was made party to the bill, cannot be sustained.

[Cited in Carew v. Boston Elastic Fabric Co., Case No. 2,397; Thomas v. Shoe Mach. Manuf'g Co., Id. 13,911.]

[See note at end of case.]

7. The reissued patent, under these circumstances, is a new contract between the government and the executor, since the decease of the original patentee.

[See note at end of case.]

8. Where other persons named as executors did not join with the complainant in proving the will of an original patentee, or in the surrender or reissue of the original patent, they need not be made parties to a bill of complaint for the infringement of the said reissued patent.

[Cited in Grover & B. S. M. Co. v. Florence S. M. Co., 18 Wall. (85 U. S.) 579.]

9. The objection to the maintenance of a bill in equity founded on letters-patent, that the specification did not set forth the invention in such full, clear, and exact terms as would enable any person skilled in the art to practise the invention, is not open to the defendants, when no such defence is set up in their answer, and the record shows that application was made to the court to amend in that particular.

[Cited in Jennings v. Pierce, Case No. 7,283.]

10. Under the fifth section of the act of March 3, 1837 [5 Stat. 10], when a patent is properly returned for correction and reissue, the patent office is authorized to reissue the original in several parts, if the patentee desires it, and pays the additional sum or sums required by law.

[Cited in Fassett v. Ewart Manuf'g Co., 58 Fed. 365.]

11. A new product or article of manufacture, and the process by which the same is produced, may be the proper subjects of separate patents.

[Cited in Merrill v. Yeomans, Case No. 9,-472; Milligan & Higgins Glue Co. v. Upton, Id. 9,607. Applied in Badische Anilin & Soda Fabrik v. Hamilton Manuf'g Co., Id. 721; Tucker v. Dana, 7 Fed. 214. Cited in Judd v. Fowler, 10 C. C. A. 100, 61 Fed. 821.]

[See note at end of case.]

12. An inventor claimed "curing caoutchouc or India-rubber, by subjecting it to a high degree of artificial heat"; also "curing the compound of India-rubber, sulphur, and a carbonate or other salt or oxide of lead, by subjecting the same to the action of artificial heat"; but in the descriptive part of the specification declined to limit himself to the exact compound last named, and set out others. A reissue of the patent claimed "a combination of India-rubber with sulphur, with or without other ingredients, chemically altered by the ap-